**In re the Petition for DISCIPLINARY ACTION AGAINST Stephen A. CLAPP, an Attorney at Law of the State of Minnesota.**

No. C1–90–1157.

Supreme Court of Minnesota.

May 23, 1990.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this court alleging that the respondent Stephen A. Clapp had committed professional misconduct warranting public discipline.

The Director alleges two separate counts of misconduct in the petition, each of which describes violations of one or more rules of professional conduct.

In count one, the Director alleges that three clients retained respondent to defend them in a lawsuit; that the clients paid respondent a $4,500 retainer; that respondent asked another attorney to consult and assist in the preparation of his clients' case without the consent of his clients; that the attorney with whom respondent consulted was publicly reprimanded and placed on probation; that respondent and the attorney with whom he consulted failed to submit affidavits and an appropriate memorandum in opposition to a motion for summary judgment against respondent's clients; that summary judgment was awarded against respondent's clients; that respondent subsequently billed his clients and refused to deliver their file to them until they paid his bill; that when the clients filed an ethics complaint against respondent, respondent informed his clients that he would no longer represent them and billed them $325 as his fees for responding to the ethics complaint they had filed; that respondent also informed his clients that he would charge one and a half percent interest on his fee even though he had not made the required truth in lending disclosures or obtained an agreement from them that they would pay interest; and that respondent finally advised his clients that they could pick up their file in March 1990.

In count two, the Director alleges that two separate clients retained respondent to incorporate their businesses; that, in one instance, respondent commenced but failed to complete the incorporation of his client's business; that, in the other instance, respondent properly filed the incorporation documents with the Minnesota Secretary of State but incorrectly named the corporation; that, in both instances, respondent falsely told his clients, on more than one occasion, that he properly had completed the incorporation process; that one of the clients learned of respondent's failure to properly incorporate her business only after the Minnesota Secretary of State in-

formed her that she could not file 1988 tax returns for her business as a corporation and she was assessed a tax penalty in excess of $100; and that when the other client learned that respondent had failed to amend her incorporation documents as promised, she attempted to contact respondent, but respondent failed to return her phone calls so she amended the incorporation documents herself.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 10(a), Rule 9 and Rule 14 of the Rules on Lawyers Professional Responsibility. Respondent also waived his right to interpose an answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and probation for a period of two years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Stephen A. Clapp is hereby publicly reprimanded and placed on probation for a period of two years from the date of this order, pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility.

2. That the conditions of the probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct.

b. The probation initially shall be unsupervised. Respondent shall report at least quarterly to the Director's Office concerning the status of his practice and the number of his active files. If the Director receives further complaints of professional misconduct about respondent or, if the number of respondent's active files exceeds fifteen, at any time during the period of respondent's probation, the Director may appoint an attorney to supervise and monitor respondent's compliance with the terms of his probation.

c. If the Director appoints a supervisor, respondent shall report at least quarterly to the supervisor concerning the status of all matters then being handled by respondent, and concerning his compliance with the terms and conditions of the probation. Respondent shall cooperate fully with the Director's Office and his supervisor, if any, in their efforts to monitor respondent's compliance with the terms and conditions of his probation and in any investigations of further professional misconduct which have or may come to the Director's attention.

d. Respondent shall maintain books and records concerning law office income and expenses and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion No. 9. Such books and records shall, upon request, be subject to review by the Director and respondent's supervisor, if any.

e. Respondent shall initiate and maintain office procedures which will ensure that respondent promptly will respond to correspondence, telephone calls and other communications from clients, courts and other persons interested in matters that respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.